# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### Civil Case No. 1:10cv260
### [Criminal Case No. 1:08cr25-1]

| | | |
|---|---|---|
| **CARROL LEE OWENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **ORDER and NOTICE** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Respondent's Motion for

Summary Judgment.  [Doc. 7.]

In view of the Petitioner's *pro se* status, the Court provides notice to

him, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), of the

heavy burden that he carries in responding to Respondent's Motion.

The Federal Rules of Civil Procedure provide:

A party asserting that a fact . . . is genuinely disputed must
support the assertion by:

> (A) citing to particular parts of materials in the
> record, including depositions, documents . . .
> affidavits or declarations, stipulations (including
> those made for purposes of the motion only),
> admissions, interrogatory answers, or other

materials; or

(B) showing that the materials cited do not establish
the absence or presence of a genuine dispute, or
that an adverse party cannot produce admissible
evidence to support that fact.

. . .

An affidavit or declaration used to . . . oppose a motion must be
made on personal knowledge, set out facts that would be
admissible in evidence, and show that the affiant or declarant is
competent to testify on the matters stated.

. . .

If a party fails to . . . properly address another party's assertion
of fact as required . . ., the court may:

. . .

(2) consider the fact undisputed for purposes of the
motion;

(3) grant summary judgment if the motion and
supporting materials – including the facts
considered undisputed – show that the movant is
entitled to it[.]

Fed. R. Civ. P. 56(c)(1), (c)(4), and (e)(2)-(3) (2010).  This language means

that if Petitioner has any evidence to offer to show that there is a genuine

factual dispute for resolution, he must now present it to this Court in a form

which would otherwise be admissible at trial, that is, in the form of affidavits

or unsworn declarations.  An affidavit is a written statement sworn to before

a notary public.  See Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, Civil No. WDQ-09-2651, 2010 WL 3834917, at *3 (D.Md. Sep. 28, 2010).  An unsworn declaration or statement, made and signed under the penalty of perjury, also may be submitted.  28 U.S.C. § 1746.

Affidavits or unsworn declarations must be presented by the Petitioner to this Court within thirty (30) days of the entry of this Order. Pursuant to Rule 56(e), the Petitioner's failure to respond may result in the granting of the Respondent's Motion for Summary Judgment; that is, in the dismissal with prejudice of Petitioner's Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that on or before thirty (30) days from the entry of this Order, the Petitioner may file a response, including any evidence, to the Respondent's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Signed: February 1, 2011

Martin Reidinger
United States District Judge