IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil Case No. 1:10cv260
[Criminal Case No. 1:08cr25]

| | |
|---|---|
| CARROL LEE OWENS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Amend his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. [Doc. 3]. Also before the Court are the Petitioner's Motion for Entry of Default Judgment [Doc. 8] and Motion for Default Judgment [Doc. 9].

On February 7, 2008, the Petitioner was charged in an eight-count bill of indictment with aggravated identity theft, larceny, bank fraud, and property damage. [Criminal Case No. 1:08cr25, Doc. 1]. The indictment was superseded in April 2008 to add a conspiracy charge. [Id. at Doc. 13]. On May 5, 2008, the Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to one count of

bank fraud and one count of aggravated identity theft. [Id. at Doc. 19]. His plea was entered and accepted by the Magistrate Judge on May 5, 2008. [Id. at Doc. 21]. The Petitioner was sentenced on November 24, 2008 to a total of 48 months' imprisonment. [Id. at Doc. 56].

The Petitioner appealed, and on December 31, 2009, the United States Fourth Circuit Court of Appeals affirmed his convictions and sentences. United States v. Owens, 358 F. App'x 468 (4th Cir. 2009). The Petitioner filed a timely Motion to Vacate, Set Aside, or Correct Sentence on November 4, 2010. [Doc. 1]. The Petitioner subsequently filed a Motion to Amend to add two claims to his § 2255 motion. [Doc. 3].

A party may amend his pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Petitioner filed his Motion to Amend [Doc. 3] less than 21 days after he filed his Motion to Vacate [Doc. 1]. His Motion, therefore, falls within the time that he may amend his pleading without leave of the Court or the Respondent. See Fed. R. Civ. P. 15(a).

The Petitioner has also filed a Motion for Entry of Default Judgment [Doc. 8] and Motion for Default Judgment [Doc. 9], contending that he is entitled to judgment because the Government had failed to respond to his

Motion to Vacate within the time ordered by the Court. "A default judgment may be entered against the United States ... only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Here, the Petitioner is not entitled to a default judgment because he has not established a right to relief. Contrary to the Petitioner's assertion, the Government filed its Response to the Petitioner's Motion to Vacate within the time ordered by the Court. [See Doc. 6].

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Amend [Doc. 3] is **GRANTED** as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Entry of Default Judgment [Doc. 8] and Motion for Default Judgment [Doc. 9] are **DENIED**.

**IT IS SO ORDERED.**

Signed: September 10, 2011

Martin Reidinger
United States District Judge

3